UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLACK,<br><br>    Plaintiff,<br><br>    v.<br><br>DENNIS DE ROSE,<br><br>    Defendant. | Case No.  1:24-cv-00550-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT (1) DEFENDANT'S MOTION TO DISMISS BE GRANTED; (2) THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITH PREJUDICE, AND WITHOUT LEAVE TO AMEND; (3) AND THE CLERK OF COURT BE DIRECTED TO CLOSE THIS CASE.<br><br>(ECF No. 12, 21) |

Plaintiff Michael Black, proceeding *pro se*, brings claims of copyright infringement, fraudulent misrepresentation, and mail fraud against Defendant Dennis De Rose, also proceeding *pro se*. On September 30, 2024, Defendant moved to dismiss Plaintiff's complaint with prejudice for failure to state a claim. (ECF No. 12). On November 13, 2024, an identical copy of Defendant's motion to dismiss was filed on the docket. (ECF No. 21).

For the reasons given below, the Court will recommend that (1) Defendant's motions to dismiss be granted; (2) this case be dismissed for failure to state a claim, with prejudice, and without leave to amend; and (3) the Clerk of Court be directed to close this case.

\\\

\\\

\\\

1

## I. BACKGROUND

### A. The Complaint

On May 9, 2024, Plaintiff Michael Black filed this lawsuit, asserting claims of copyright infringement, fraudulent misrepresentation, and mail fraud against Defendant Dennis De Rose. (ECF No.1). The Complaint alleges Plaintiff is the author of "The Dream Merchant" (ISBN 0-9748115-0-5). (*Id.* at 2). Defendant is the "principal" of Money Saver Books in Middletown, New York. (*Id.*).

Plaintiff alleges that on January 8, 2024, he "went online and found Defendant De Rose of Money Saver Books was offering for sale a new copy of The Dream Merchant[.]" (*Id.*). Plaintiff says that he purchased the book from Defendant, and that a copy of the book was mailed to him in California. Plaintiff claims that "[as] the copyright owner and having custody of the only inventory of new books for sale identified[, he] identified the Copy Infringement when he opened the parcel sent by defendant and found a copy of The Dream Merchant . . . enclosed." (*Id.*).

Plaintiff also asserts a second claim for fraud against defendant. (*Id.* at 3). Plaintiff alleges that "[t]he defendant did intentionally misrepresent the condition and quality of the book to command a higher price than a used book would be worth committing fraudulent misrepresentation." (*Id.*).

Plaintiff's third and final claim is for mail fraud. (*Id.*). He alleges that "[t]he defendant did mail the copyrighted book from New York to California in the act of committing a fraudulent act." (*Id.*).

As relief, Plaintiff seeks attorneys' fees and statutory damages for his copyright infringement claim; "the statutory penalty applying the False Claims Act" for his fraud claim; the statutory penalty for his mail fraud claim; his costs in this lawsuit; and any other relief deemed to be appropriate. (*Id.* at 3).

### B. Motion to Dismiss

On September 30, 2024, Defendant moved to dismiss Plaintiff's complaint.[1] (ECF No.

---

[1] The motion is titled "Defendant's Motion for Summary Judgment" but specifically asks that the Court "dismiss the Complaint" and provides the standard for a 12(b)(6) motion. (ECF No. 12 at 1).

12).[2]

Defendant argues that Plaintiff has failed to state a claim for copyright infringement because Plaintiff states that he has the only new copies of the book, and the copy Defendant sold was used. (ECF No. 12 at 2). Defendant cites case law pertaining to the first sale doctrine as an affirmative defense. (*Id.* at 2-3). He further asserts that amendment would be futile. (*Id.* at 3).

Defendant moves to dismiss Plaintiff's fraud claim because (1) "Plaintiff failed to state any facts supporting his fraud claim with particularity"; (2) "Defendant simply made a mistake in listing the copy of the book as 'new' and not 'used-like new'"; (3) "Plaintiff failed to plead with particularity scienter and intent to defraud"; (4) "Plaintiff failed to plead justifiable reliance and resulting damage." (*Id.*). Defendant also argues that "if anyone is being defrauded, it is Defendant as Plaintiff is attempting to take advantage of his superior knowledge – that Defendant mistakenly listed the Book as 'new' – to induce Defendant to rely on Plaintiff's deceit and pay damages." (*Id.*).

Defendant also moves to dismiss Plaintiff's mail fraud claim because "Plaintiff utterly failed to plead a formation of a scheme or a specific intent to deceive." (*Id.* at 4).

Defendant asks that the Court dismiss the Complaint with prejudice. (*Id.*).

**C. Opposition**

On November 13, 2024, Plaintiff filed an opposition to Defendant's motion. (ECF No. 22). Plaintiff argues that he "immediately wrote to the Defendant requesting information related to the chain of custody to determine if a violation of copyright law had occurred and if so, by whom." (*Id.* at 2). Plaintiff claims that "Defendant responded to the inquiry saying, 'I bought the book at a used bookstore', 'If you sold a book to someone is that person allowed to donate it?' and 'There is nothing shady about this transaction'." (*Id.*).

Plaintiff argues that without proof of legitimate acquisition, the seller cannot claim first sale protection. (*Id.*). He further argues that the burden is on the seller to prove they have a legitimate right to sell the copyrighted work. (*Id.*).

---

[2] On October 7, 2024, the Court ordered Defendant to serve a copy of the motion to dismiss on Plaintiff. (ECF No. 13). After Defendant complied with the October 7 Order, the Court ordered Plaintiff to respond to Defendant's motion to dismiss (therein called "motion for summary judgment") by within 14 days of the date of service of the Court's October 30 Order. (ECF No. 15). Plaintiff timely filed an opposition on November 13, 2024. (ECF No. 22).

As to his fraud claim, Plaintiff states that "Defendant committed the nefarious and illegal act by offering the book for sale as if it was new intending to deceive the buyer and command a higher price than he would have received if he listed the book as used and set the price appropriately." (*Id.* at 3).

In regard to his mail fraud claim, Plaintiff responds that that "[b]y placing the fraudulently misrepresented item for sale on the internet, the Defendant would reasonably infer that the use [of] the United States Mail would be necessary to facilitate the delivery of the merchandise he fraudulently misrepresented and offered for sale. The mail fraud and the misrepresentation are determinedly coupled." (*Id.*).

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Federal Rule of Civil Procedure 12 permits a party to file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). "However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556-57.

## III.     ANALYSIS

### A. Copyright Infringement Claim

Plaintiff pleads a claim for copyright infringement. (ECF No. 1 at 2). Defendant moves to dismiss the claim for failure to state a claim, and also raises the first sale doctrine as an affirmative defense. (ECF No. 12 at 2-3). Specifically, Defendant argues that Plaintiff has failed to state a claim for copyright infringement because Plaintiff states in his complaint that he has the only new copies of the book, and the copy Defendant sold was a used copy. (*Id.* at 2).

Plaintiff responds that without proof of legitimate acquisition, the seller cannot claim first sale protection. (ECF No. 22 at 2). He further argues that the burden is on the seller to prove they have a legitimate right to sell the copyrighted work. (*Id.*).

To plead a copyright infringement case, a plaintiff "must plausibly allege two things: (1) that it owns a valid copyright in the Subject Work, and (2) that Defendants copied protected aspects of the Subject Work's expression." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) (cleaned up).

There are certain limitations on the exclusive rights a copyright holder possesses, such as the first sale doctrine. 17 U.S. § 109(a). Under the first sale doctrine, "once a copyright owner consents to the sale of particular copies of work, that owner cannot later claim infringement for distribution of those copies." *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 694 (9th Cir. 2015). The Supreme Court articulated the first sale doctrine in 1908, holding that a copyright owner's exclusive distribution right to his books were exhausted after the owner's first sale of a particular copy of a book. *Bobbs-Merrill Co. v. Straus*, 210 U.S. 339, 350-51 (1908). Soon thereafter, "Congress codified the first sale doctrine in the 1909 Copyright Act and later retained it in the 1976 Act." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1070 (9th Cir. 2018) (citing *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1077 (9th Cir. 2015)).

In *Close v. Sotheby's, Inc.*, the Ninth Circuit articulated that:
Today, § 109(a) provides that "the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled,

5

without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord." 17 U.S.C. § 109(a). "The practical effect of this language is to significantly circumscribe a copyright owner's exclusive distribution right 'only to the first sale of the copyrighted work' because 'once the copyright owner places a copyrighted item in the stream of commerce by selling it, he has exhausted his exclusive statutory right to control its distribution.'" *Adobe*, 809 F.3d at 1076-77 (quoting *Quality King*, 523 U.S. at 141). One purpose of the first sale doctrine is to effect the "common law's refusal to permit restraints on the alienation of chattels." *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 538 (2013). Another purpose is to "free[ ] courts from the administrative burden of trying to enforce restrictions upon difficult-to-trace, readily movable goods" and "avoid[ ] the selective enforcement inherent in any such effort." *Id.* at 539.

(*Id.*).

The first sale doctrine is an affirmative defense to copyright infringement claim. *Vernor v. Autodesk, Inc.*, 621 F.3d 1102, 1107 (9th Cir. 2010). An affirmative defense is a basis to grant a motion to dismiss if the affirmative defense is based on undisputed facts or if the basis for the argument appears on the face of the complaint. *See U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) ("[W]e can consider an affirmative defense on a motion to dismiss when there is 'some obvious bar to securing relief on the face of the complaint.'. . . In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense.") (Internal citation omitted.)); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirmative defenses may be resolved in a motion to dismiss when there are no disputed factual issues). As similarly stated by *Wright & Miller*, "[w]hen there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, . . . the recent cases seem to agree that the matter may be disposed of by a motion to dismiss under Rule 12(b)." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1277 (4th ed. 2024).

"[I]t is appropriate to raise the [first sale] doctrine in a Rule 12(b)(6) motion to dismiss." *Stevo Design, Inc. v. SBR Mktg.*, 919 F. Supp. 2d 1112, 1122 (D. Nev. 2013); *see Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998) (reviewing a district court's dismissal under Rule 12(b)(6) pursuant to the first sale doctrine and reversing for other reasons).

Here, it is undisputed that the book at issue in the complaint was a used copy. Plaintiff

specifically pleads in his complaint that "Dennis De Rose violated the [his] copyright by selling a *used copyrighted item* as new and delivered it through the United States Postal Service." (ECF No. 1 at 2) (emphasis added). Thus, even according to the allegations in the complaint, the sale at issue was not the first sale of the book. Instead, Defendant was selling a book that had already been sold, which does not constitute a violation of copyright law.

Consequently, given that Defendant's sale of the book is protected by the first sale doctrine, the Court recommends granting the motion to dismiss as to Plaintiff's copyright infringement claim.

### B. Fraud Claim

Defendant moves to dismiss Plaintiff's fraud claim because (1) "Plaintiff failed to state any facts supporting his fraud claim with particularity"; (2) "Defendant simply made a mistake in listing the copy of the book as 'new' and not 'used-like new'"; (3) "Plaintiff failed to plead with particularity scienter and intent to defraud"; (4) "Plaintiff failed to plead justifiable reliance and resulting damage." (*Id.*). Defendant also argues that "if anyone is being defrauded, it is Defendant as Plaintiff is attempting to take advantage of his superior knowledge – that Defendant mistakenly listed the Book as 'new' – to induce Defendant to rely on Plaintiff's deceit and pay damages." (ECF No. 12 at 3).

Plaintiff responds that "Defendant committed the nefarious and illegal act by offering the book for sale as if it was new intending to deceive the buyer and command a higher price than he would have received if he listed the book as used and set the price appropriately." (ECF No. 22 at 3).

"The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (Cal. 1997) (emphasis omitted) (internal quotation marks omitted). Moreover, fraud claims are subject to a heightened-pleading standard under Federal Rule of Civil Procedure 9(b), which provides as follows: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Rule 9(b)

7

demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotations and citations omitted). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The Ninth Circuit has held that the plausibility analysis of *Twombly* and *Iqbal* applies equally to Rule 9 as it does to Rule 8. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). "Accordingly, although the language of Rule 9 poses no barrier in itself to general pleading of fraudulent intent, *Twombly* and *Iqbal*'s pleading standards must still be applied to test complaints that contain claims of fraud." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 n.5 (9th Cir. 2014). In *Eclectic Props. East, LLC*, the Ninth Circuit found that the plaintiff had not properly pled intent to fraud where the complaint's factual allegations did not support a plausible inference that the defendants had the required specific intent to defraud. (*Id.* at 1000). The Ninth Circuit emphasized that the allegations "tend[ed] to exclude the alternative explanation that the transactions [at the core of the dispute] were merely a group of business deals gone bad during a deep recession." (*Id.*) (affirming the district court's dismissal of the complaint).

In the complaint, Plaintiff only alleges: "[t]he defendant did intentionally misrepresent the condition and quality of the book to command a higher price than a used book would be worth committing fraudulent misrepresentation." (ECF No. 1 at 3). Such conclusory allegations that Defendant intended to misrepresent the condition of the book are insufficient to state a claim for fraud. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Eclectic Props. East, LLC*, 751 F.3d at 1000 ("[T]he complaint's factual allegations [did] not support a plausible inference that Defendants had the required specific intent to defraud."). The complaint does not provide any factual allegations that would indicate that Defendant intended to commit fraud, rather than mistakenly listing the book as new. Plaintiff thus fails to meet the Ninth Circuit's standards for pleading fraudulent intent, and therefore, fails to state a claim for fraud.

Furthermore, Defendant is correct that Plaintiff's complaint fails to plead justifiable reliance. Plaintiff does not allege that he believed that the book was actually new and purchased the book on that assumption. Instead, Plaintiff's complaint alleges that he retained all new copies. (ECF No. 1 at 2).

Additionally, Plaintiff's opposition does not ask for leave to amend or otherwise indicate that he can allege facts that Defendant intended to defraud Plaintiff or anyone else by listing the book as new rather than used. (*See generally* ECF No. 22). On the contrary, Plaintiff's opposition alleges that when he confronted Defendant about the book, Defendant said he "'bought the book at a used bookstore.'" (ECF No. 22 at 2). Together, these allegations indicate that Plaintiff cannot truthfully allege facts showing that Defendant intended to commit fraud.

As to damages, Plaintiff is requesting "the statutory penalty applying the False Claims Act" for his fraud claim. (*See* ECF No. 1 at 3). The False Claims Act is a separate and unrelated statue. Under California law, a fraud cause of action must specifically allege the amount of damage purportedly caused by defendant's alleged fraud. *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989). Here, Plaintiff has not met this burden; and, therefore, also fails to state a claim. *See Stringer v. Woolsey*, 495 F. App'x 838, 840 (9th Cir. 2010) ("Dismissal of Stringer's mail fraud and wire fraud claims was proper because Stringer failed to allege facts sufficient to show that defendants' conduct constituted an actionable injury.").

Accordingly, the undersigned recommends that granting the motion to dismiss for failure to state a claim as to Plaintiff's fraud claim.

**C. Mail Fraud Claim**

Defendant next moves to dismiss Plaintiff's mail fraud claim because "Plaintiff utterly failed to plead a formation of a scheme or a specific intent to deceive." (ECF No. 12 at 4).

In regard to his mail fraud claim, Plaintiff responds that that "[b]y placing the fraudulently misrepresented item for sale on the internet, the Defendant would reasonably infer that the use of the United States Mail would be necessary to facilitate the delivery of the merchandise he fraudulently misrepresented and offered for sale." (ECF No. 22 at 3).

"Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in

furtherance of the scheme; and (3) specific intent to deceive or defraud." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010).

In the Complaint, all that Plaintiff alleges for mail fraud is that "[t]he defendant did mail the copyrighted book from New York to California in the act of committing a fraudulent act." (*Id.*). These allegations fail to state a mail fraud claim for the same reason that the fraud claim fails: Plaintiff has not pled an underlying fraud or specific intent to deceive. Moreover, given the allegations in the Complaint (i.e. that Plaintiff had the only new copies of the book), he cannot do so.

Moreover, the Court agrees that Plaintiff failed to plead the formation of a scheme. For this reason as well, Plaintiff's mail fraud claim also fails to state a claim.

The Court thus recommends granting the motion to dismiss for failure to state a claim as to Plaintiff's mail fraud claim.

## IV. FINDINGS AND RECCOMENDATIONS

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Defendant's motions to dismiss [ECF No. 12] and [ECF No. 21] be granted;[3]
2. Plaintiff's complaint be dismissed for failure to state a claim, with prejudice, and without leave to amend; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. Further, any objections shall be limited to no more than fifteen (15) pages, including exhibits.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

---

[3] Plaintiff filed an identical duplicative copy of Defendant's motion to dismiss on the docket. (ECF Nos. 12, 21).

1 | (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
2 | IT IS SO ORDERED.
3 |   Dated:   **February 12, 2025**          /s/ *Erica P. Grosjean*
4 |                                           UNITED STATES MAGISTRATE JUDGE